UNITED STATES of America, Appellee

v.

Philip C. BURROUGHS, Jr.,
a/k/a PC, Appellant.

No. 03-3093.

United States Court of Appeals,
District of Columbia Circuit.

May 19, 2005.

Suzanne Grealy Curt, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, Laura A. Ingersoll, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Douglas James Behr, Eric H. Singer, Keller & Heckman, Washington, DC, for Appellant.

Before GINSBURG, Chief Judge, and HENDERSON and GARLAND, Circuit Judges.

*JUDGMENT*

This cause was considered on the record from the United States District Court and on the briefs and arguments of the parties. For the reasons stated in the accompanying memorandum, it is

ORDERED AND ADJUDGED that the conviction for receipt of stolen government property be vacated, that the conviction for conspiracy to defraud the United States and for theft of government property be affirmed, and that the case be remanded to the district court for resentencing.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).

*MEMORANDUM*

Burroughs challenges the admission of evidence seized from his home because he contends the Government did not have probable cause to search his home for all of the items listed in the warrant. The Government needed only have probable cause to believe that some contraband or evidence of a particular crime would be found there. *See Illinois v. Gates,* 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). It is well established that a warrant authorizing a search for "any other evidence" of a particular crime is valid, *see United States v. Pindell,* 336 F.3d 1049, 1052-54 (D.C.Cir.2003); it follows that a warrant instancing what the "other evidence" might be is also valid. Because the warrant was valid, the evidence obtained from the search was properly admitted.

The evidence was sufficient to sustain Burroughs' conviction for conspiracy to defraud the United States. Burroughs availed himself of $50,000 worth of electronic goods his mother stole from the Department of Education, all the while concealing the source of the items from his friends. Robert Sweeney, a co-worker of Burroughs' mother and an acquaintance of Burroughs, personally delivered some of the items to Burroughs' home. Burroughs' wife used his email account to ask his mother for specific items, and his mother replied to both Burroughs and his wife. From these facts it was reasonable for the jury to conclude that Burroughs either knew the items were stolen or con-

sciously avoided learning that fact. *See United States v. Mellen*, 393 F.3d 175, 181 (D.C.Cir.2004). Further, the evidence was sufficient to establish that Burroughs looked to his mother to obtain electronic items he and his family wanted, and thus to establish the requisite agreement.

The Government concedes that Burroughs timely challenged venue as to the charge for receipt of stolen government property and agrees that count should be vacated, but the Government argues that Burroughs may not now challenge venue as to the charge for theft of government property because he failed to do so before trial. We agree. Fed.R.Crim.P. 12(b)(3) requires the defendant to raise before trial "a motion alleging a defect in the indictment or information," and Rule 12(e) provides that, in the absence of "good cause," a defendant "waives" the objection or defense if not timely raised. *See also United States v. Gaviria*, 116 F.3d 1498, 1517 n. 22 (D.C.Cir.1997) ("A defendant can waive venue rights by his silence—just by his failure to lodge an objection prior to trial"). Seeing that Burroughs fails to demonstrate "good cause" for his failure to make a timely objection to venue as to the charge for theft of government property, we conclude he may not raise that argument on appeal. We also conclude there was ample evidence for the jury to find that Burroughs used cell phones belonging to the Department of Education, the service for which the Government paid over $1,000.